El Pueblo de Puerto Rico, demandante y apelado, *v.* Fausto Durán Saliaj, acusado y apelante.

Núm. 9893.—*Sometido:* Mayo 25, 1943. *Resuelto:* Julio 12, 1943.

*Juan B. Soto,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué denunciado ante la Corte Municipal de San Juan por infracción a la sección 3 de la Ley núm. 11 de 23 de agosto de 1933. La denuncia, en lo que es pertinente, lee como sigue:

"... Que en 6 de mayo (8:30 P. M.) de 1942, y en la Farmacia Durán, Calle Cerra No. 54, Pda. 15, Santurce, del Distrito Judicial Municipal de San Juan, P. R., que forma parte del Distrito Judicial de San Juan, P. R., el acusado, Fausto Durán Saliaj, allí y entonces, ilegal, voluntaria y maliciosamente, a sabiendas y con la intención criminal de violar la Sec. 3ra. de la Ley núm. 11 de 1933, para beneficiarse del producto de una lotería, tenía en poder y administraba como dueño en un establecimiento comercial Farmacia, de su propiedad, y para que el público jugara, 1 máquina eléctrica, conocida con el nombre popular de "Bingo", que se opera eléctrica-

mente, consistente de una mesa de madera con 4 patas de madera también, sobre la mesa un cristal transparente teniendo dentro un mecanismo que al unirse apropiadamente a una corriente eléctrica y depositarse una moneda de 5 centavos, o una arandela de igual radio o espesor y al manipularse una palanca se pone a disposición del jugador que corre la aventura de pagar los 5 centavos para obtener un premio en metálico de 5 centavos que le entrega el acusado cuando el jugador acierta hacer determinado número de tantos sobre el score mínimo ya establecido, . . . Siendo la referida máquina una que puede usarse y el acusado la estaba usando con fines de juegos de azar o lotería, la cual fué ocupada y se pone a disposición del tribunal como materia de prueba. . . .''

Visto el caso ante la Corte de Distrito de San Juan, el denunciado fué hallado culpable; y habiendo sido sentenciado a la pena de un mes de cárcel, interpuso el presente recurso de apelación para ante este tribunal, alegando que la corte inferior erró:

''1. Al resolver que el hecho de que la máquina que según la denuncia fué ocupada en poder del acusado no sea de la misma descripción que la máquina que se presentó como la ocupada por el policía denunciante, nada importa a los fines de la prueba y de la culpabilidad del acusado.

''2. Al actuar . . . con evidente pasión y manifiesto prejuicio hacia el apelante.

''3. Al no dar al apelante el beneficio de la duda que necesariamente surge del conjunto de la prueba.''

El primer error señalado por el apelante se basa en que existe una discrepancia entre la denuncia y la prueba. Consiste la alegada discrepancia en que la máquina que se describe en la denuncia como ocupada al apelante en su establecimiento es una de las que se usan para jugar con monedas de cinco centavos, mientras que la que se presentó como evidencia por el fiscal en la corte de distrito el día de la vista es una de las que se usan para jugar con monedas de un centavo. Sostiene el apelante que tal error es suficiente para justificar la revocación de la sentencia.

No estamos de acuerdo con la contención del apelante. La citada Ley núm. 11 de 1933 provee en su sección 3 lo siguiente:

"A partir de la fecha en que esta Ley empiece a regir, la introducción, manufactura, posesión, uso o funcionamiento de máquinas vendedoras que pudieren usarse para fines de juego de azar o lotería y de las conocidas con el nombre de traganíqueles (*slot machines*), y de cualquier otra clase, que pudiera usarse con fines de juego de azar o lotería, en cualquier forma en que fueren manipuladas, o cualquier sustituto de las mismas, o partes y accesorios, será considerado ilegal y su introducción, manufactura, uso, posesión o funcionamiento queda prohibido."

Como se ve, dicha sección lo que prohibe es la manufactura, uso, posesión o funcionamiento de las máquinas que en dicha sección se describen, descripción que cuadra perfectamente con la máquina ocupada al apelante en su establecimiento. No era necesario alegar en la denuncia con qué clase de monedas era que funcionaba dicha máquina. Además, el policía identificó a satisfacción de la corte inferior la máquina presentada en evidencia como la ocupada por él en el establecimiento del apelante, y la prueba del apelante demostró que efectivamente en su establecimiento había una máquina de las denominadas "Bingo".

Estos hechos bastan por sí solos para conectar al apelante con el delito que se le imputa de poseer y administrar una máquina "Bingo" en su establecimiento de farmacia y no creemos que la corte inferior cometiera error alguno al no considerar que había discrepancia entre la evidencia y la denuncia.

El segundo error señalado imputa a la corte inferior el haber actuado con manifiesto prejuicio y completo menosprecio de los derechos del apelante. Se basa este señalamiento de error en las palabras usadas por la corte al dictar su fallo, especialmente la frase "a pesar de los pesares" que aparece en el primer párrafo de la opinión.

La opinión, que se transcribe en la página 27 del récord, lee como sigue:

"La corte en este caso no tiene dudas, le da crédito al policía denunciante en este caso, a pesar de los pesares, y a pesar de su apreciación errónea, según se dice, que no se ha demostrado que no es una máquina de cinco centavos o de un centavo, cosa que la corte cree que es inmaterial. Lo mismo da. La corte apreciando en conjunto toda la prueba no tiene duda en absoluto, la más mínima duda de que el aparato estaba allí, que estaba conectado, según dice en la denuncia, que podía dedicarse a juegos de azar y que el acusado la tenía en su poder, que eso es todo lo que la ley exige y que es una máquina bingo. La corte declara culpable al acusado y le impone un mes de cárcel."

No vemos nada en las palabras de la corte que pueda justificar la imputación de pasión y prejuicio que hace el apelante. Al acusado se le respetaron todos sus derechos. Si la corte al apreciar la prueba dió crédito a la de cargo y no a la de la defensa, lo hizo en cumplimiento de la sagrada misión que le está encomendada y en la cual esta corte no debe intervenir, excepto en caso de un error manifiesto, error que no encontramos se haya cometido en este caso.

No tenemos duda de que al acusado se le celebró un juicio justo e imparcial y que en ningún momento la corte actuó con manifiesto prejuicio.

El tercer error tampoco fué cometido. No vemos qué base pueda tener el acusado para alegar que la corte no dió al apelante "el beneficio de la duda que necesariamente surge del conjunto de la prueba". Hemos leído cuidadosamente toda la evidencia presentada en el caso y no encontramos que de ella surja necesariamente duda alguna en cuanto a los hechos constitutivos del delito.

*La sentencia de la corte inferior debe ser confirmada.*

El Juez Presidente Sr. Del Toro no intervino.